IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANKLIN K. B., | HON. KATHARINE S. HAYDEN |
| Petitioner, | |
| v. | Civil Action No. 18-9933 (KSH) |
| WARDEN, HUDSON COUNTY CORRECTIONAL FACILITY, | OPINION |
| Respondent. | |

**HAYDEN, District Judge:**

**I.    INTRODUCTION**

Petitioner Franklin K. B.[1] ("Franklin") has submitted a counseled petition for a writ of habeas corpus challenging his ongoing immigration detention since January 30, 2018 pursuant to 28 U.S.C. § 2241.  (*See*, *generally*, Pet., DE 1.)  For the reasons stated herein, the Court will grant his petition and order the immigration court to hold a bond hearing.

**II.    BACKGROUND**

Franklin is a native and citizen of Ghana who, in 2013, obtained permission to remain in the United States as a lawful permanent resident ("LPR").  (*See* Answer 2, DE 4.)  Thereafter, on June 15, 2016, Franklin was criminally charged in New Jersey Superior Court with thirty-nine counts of forgery and theft.  (*See* June 16, 2016 Indictment, available at DE 4-4.)  On October 13, 2016, Franklin – as part of the plea agreement to resolve all such charges – pled guilty to one count of third-degree forgery, in violation of N.J.S.A. § 2C:21-1A(2).  (*See* Dec. 22, 2016 Crim. J.,

---

[1]  Due to privacy concerns about the personal information often filed in § 2241 habeas cases, the Court will identify the petitioner only by his first name and the first initials of his surnames.

available at DE 4-4.) On December 22, 2016, Franklin was sentenced to three years of probation and ordered to make criminal restitution payments totaling $25,082.89. (*Id.*) On or about December 31, 2017, Franklin – after first obtaining permission from his probation officer – left the United States to visit his family in Ghana. (DE 1 at 4.)

On or about January 29, 2018, Franklin returned to the United States on a flight which disembarked at John F. Kennedy International Airport ("JFK"). (*See id.*) It wholly appears that but-for Franklin's December 22, 2016 criminal conviction, he would have been admitted to the United States on January 29th as an LPR. But when Franklin disembarked from his flight at JFK, officials from the Department of Homeland Security ("DHS") deemed him to be an "arriving alien" applying for admission to the United States. (*See* DE 4 at 3, 7-8 (citing 8 U.S.C. § 1182(a)(2)(A)(i)(I) ("any alien convicted of[:] a crime involving moral turpitude . . . is inadmissible"); 8 U.S.C. § 1101(a)(13)(C)(v) ("An alien [who has obtained LPR status] shall not be regarded as seeking an admission into the United States for purposes of the immigration laws unless the alien[: . . .] has committed an offense identified in [§ 1182(a)(2), *e.g.*, a crime of moral turpitude]").) As a result of the foregoing, DHS referred Franklin's case to an immigration judge ("IJ") for formal removal proceedings. (*See* DE 4 at 3.) On the following day, January 30, 2018, he was taken into custody by Immigration and Customs Enforcement ("ICE"). (*Id.*) Franklin has been detained at Hudson County Correctional Facility ("HCCF") ever since.

On April 3, 2018, DHS served Franklin with a notice informing him, among other things, that he was facing removal from the United States as an immigrant who, at the time he applied for admission on January 29, 2018, was an arriving alien convicted of a crime involving moral turpitude. (*See* DHS's Apr. 3, 2018 Notice to Appear, available at DE 4-3.) On May 14, 2018, Franklin appeared before an IJ and argued – through immigration counsel – that his forgery

2

conviction was not a crime of moral turpitude. (DE 4 at 3.) The IJ reserved his decision on this claim at the May 14th hearing. (*Id.*) It would appear that had the IJ determined – at any point during the pendency of the present habeas matter – that Franklin's 2017 forgery conviction was not a qualifying "crime involving moral turpitude" under 8 U.S.C. § 1182(a)(2)(A)(i)(I), his present detention would not be governed by § 1225(b).

That said, the record indicates that the IJ never made any such finding. Instead, the record clearly shows only that on August 30, 2018 – after two additional IJ-initiated hearing adjournments – an IJ, among other things, "concluded that [when Franklin applied for admission to the United States on January 30, 2018, he did so as] an arriving alien and [thus, that the immigration court] did not have jurisdiction to set a bond." (*See* ICE Deportation Officer Bacchus' Sept. 20, 2018 Declar. ¶ 15, DE 4-1.) In other words, as of August 30, 2018, an IJ expressly determined that Franklin would not be released on bond during the pendency of his still-ongoing immigration proceedings.

Franklin filed his habeas corpus petition on May 31, 2018 (hereinafter, the "§ 2241 Petition"). (DE 1.) Respondent (hereinafter the "Government") answered the § 2241 Petition on September 21, 2018. (DE 4.) Franklin's petition and the Government's answer remain the only documents submitted by either party in this matter. As such, the last update from any party on the status of Petitioner's ongoing immigration proceedings was provided on September 21, 2018, via the Government's answer. It is nonetheless undisputed that Franklin has been continuously detained at HCCF since January 30, 2018.

## III. ANALYSIS

### A. Legal Standard

Habeas relief may be extended to an immigration detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989). The Court has jurisdiction in this habeas matter because Franklin is currently detained within this Court's jurisdiction by a custodian within its jurisdiction and claims, by way of his § 2241 Petition, that his continued detention is unconstitutional. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. The Parties' Arguments

Franklin specifically contends that his current detention violates his right to due process. (*See*, *generally*, DE 1.) Franklin also expressly requests that the Court order a bond hearing in which DHS bears the burden of demonstrating that his continued detention is appropriate. (*Id.* at 6.) The Government, on the other hand, argues that Franklin's § 2241 Petition should be denied because "his continued detention pursuant to [8 U.S.C. §] 1225(b) is lawful." (DE 4 at 9.) In other words, the Government claims that Franklin's "mandatory detention without a bail hearing . . . is a 'constitutionally permissible part' of the removal process." (*Id.* (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).)

### C. The Statutory Framework Governing Arriving Aliens, Including Franklin

As an initial matter, the Court, based on the record before it, agrees with the Government that Franklin is an arriving alien whose present detention is governed by § 1225(b). *See* 8 U.S.C. § 1225(a)(1) ("An alien present in the United States who has not been admitted or who arrives in the United States . . . at a designated port of arrival . . . shall be deemed . . . an applicant for

4

admission."); *id.* at § 1101(a)(13)(C)(v) ("An alien [who has obtained LPR status] shall not be regarded as seeking an admission into the United States for purposes of the immigration laws *unless* the alien[: . . .] has committed [a crime involving moral turpitude].") (emphasis added). In accordance with the relevant statutory framework governing § 1225(b) detainees, Franklin, as an arriving alien who attempted to enter the United States at a designated point of entry, *i.e.*, JFK, was inspected by an immigration officer upon his arrival there on January 29, 2018. *See Clark v. Martinez*, 543 U.S. 371, 373 (2005) (citing 8 U.S.C. § 1225(a)(3)). Because Franklin was, at that time, not "clearly and beyond a doubt entitled to be admitted," he was detained by immigration officials "for a proceeding under [8 U.S.C. §] 1229a[,]" *i.e.*, removal proceedings. 8 U.S.C. § 1225(b)(2)(A).

### D. There Is No Statutory Basis To Order Franklin's Release Or A Bond Hearing

The statute governing Franklin's present detention, 8 U.S.C. § 1225(b)(2)(A), states that arriving aliens "*shall* be detained for [removal] proceeding[s.]" (emphasis added). On February 27, 2018, the United States Supreme Court issued its decision in *Jennings v. Rodriguez*, 138 S. Ct. 830. *Jennings*, holds, *inter alia*, that the language within § 1225(b) "mandate[s] detention of applicants for admission until [removal proceedings] have concluded." *Id.* at 842. "Once these proceedings end, detention under § 1225(b) must end as well. Until that point [however], nothing in the statutory text imposes any limit on the length of detention." *Id.*; *see also Mancia-Salazar v. Green*, No. 17-147, 2017 WL 2985392, at *2 (D.N.J. July 13, 2017) (the statutory language of "§ 1225(b)(2)(A) essentially requires mandatory detention for aliens."). *Jennings* precludes this Court from reading an implicit time limitation on the permissible length of detention under 8 U.S.C. § 1225(b); instead, § 1225(b)'s plain language authorizes Franklin's mandatory detention "until [his removal proceedings] have concluded." *See Jennings*, 138 S. Ct. at 842-44.

Aliens detained pursuant to § 1225(b) likewise have no statutory right to a bond hearing. *Mancia-Salazar*, 2017 WL 2985392, at *2 (citations omitted); *accord Jennings*, 138 S. Ct. at 842 ("neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings."). Indeed, the only statutory parole relief available to § 1225(b) detainees is set forth in 8 U.S.C. § 1182(d)(5)(A); that provision authorizes the Attorney General, through DHS, to parole such detainees into the United States if "urgent humanitarian reasons or significant public benefit" so warrant. *See* 8 U.S.C. § 1182(d)(5)(A); *accord Mancia-Salazar*, 2017 WL 2985392, at *2; *see also Jennings*, 138 S. Ct. at 844 (this "express exception to detention implies that there are no other circumstances under which [§ 1225(b) detainees] may be released."). There is accordingly no statutory language within or related to § 1225(b) that authorizes this Court to order Franklin's outright release or a bond hearing.

**E. Franklin May Nonetheless Be – And In Fact Is – Entitled to Habeas Relief**

*Jennings* precludes the Court from granting habeas relief to Franklin based on the statutory language within 8 U.S.C. § 1225(b); *Jennings* does not, however, prevent the Court from awarding habeas relief if Franklin's detention has become so unduly prolonged that it renders § 1225(b) unconstitutional as applied to him. Indeed, post-*Jennings* it remains true that: (i) "detention which is so unreasonable as to amount to an arbitrary deprivation of liberty cannot comport with the requirements of the Due Process Clause"; (ii) the "constitutionality of detention . . . without a bond hearing is a function of the length of the detention and the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues"; and (iii) "at a certain point . . . the burden to an alien's liberty outweighs the Government's interest in detention without bond[.]" *Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018) (citing, *inter alia*, *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469,

6

474-75 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 232-234 (3d Cir. 2011)) (internal citations omitted). Franklin will accordingly be entitled to habeas relief if "his ongoing detention is so unreasonable or arbitrary that it has actually violated *his* rights under the Due Process Clause." *Dryden*, 321 F. Supp. 3d. at 502 (emphasis added). This inquiry – and the Court's ultimate determination on the reasonableness of Franklin's ongoing detention – is "highly fact specific[.]" *Id.* (citing *Chavez-Alvarez*, 783 F.3d at 474-75).

Initially, it must be noted that arriving aliens, like Franklin, who are denied admission to the United States and taken into custody by DHS at a port of entry, are, as a matter of law, deemed to have never entered the United States; instead, they are "legally treated as if stopped at the border[.]" *Mancia-Salazar*, 2017 WL 2985392, at *3. As a result, Franklin is "entitled to something less than the full array of rights usually conferred by the Due Process Clause." *Id.*; *accord Zadvydas*, 533 U.S. at 693 ("certain constitutional protections available to persons inside the United States are unavailable to aliens outside of our geographic borders."); *Damus v. Tsoukaris*, No. 16-933, 2016 WL 4203816, at *4 (D.N.J. Aug. 8, 2016) ("an alien who is legally considered to remain at the border has no right of entry into this country and . . . may be held for a greater length of time before his continued detention raises Due Process concerns").

Section 1225(b) detainees still "possess some rights under the Due Process Clause which may be impugned should detention under the statute become unduly and unreasonably prolonged." *Otis V. v. Green*, No. 18-742, 2018 WL 3302997, at *6 (D.N.J. July 5, 2018). Indeed, Franklin, like all "arriving aliens detained pre-removal pursuant to § 1225(b)[, has] a due process right to an individualized bond consideration once it is determined that the duration of [his] detention has become unreasonable." *Singh v. Sabol*, No. 16-2246, 2017 WL 1659029, at *4 (M.D. Pa. Apr. 6,

2017) (citing *Ahad v. Lowe*, 235 F. Supp. 3d 676, 688 (M.D. Pa. 2017), *report and recommendation adopted*, 2017 WL 1541847 (M.D. Pa. Apr. 28, 2017).

At present, Franklin has been detained under § 1225(b)(2) for over 16 months, beginning on or about January 29, 2018. This period of detention includes the entire period during which his immigration proceedings have been pending. As noted above, it is unclear if any of Franklin's immigration claims are still before an IJ, and, if they are not, whether Franklin has further pursued those claims by, *e.g.*, filing an appeal with the Board of Immigration Appeals. That said, regardless of the current status of the resolution of those claims, the record clearly shows that many of Franklin's core immigration arguments were delayed by at least two months due to the IJ's *sua sponte* hearing adjournments. It is also clear that the Government plans to continue to detain Franklin, as evidenced by Government's present opposition to his § 2241 Petition. In sum, Franklin has now been detained for over 16 months and it is uncertain when his already-lengthy detention under § 1225(b) will end.

The length of his detention under § 1225(b) has accordingly now become unreasonable. *Singh v. Sabol*, 2017 WL 1659029, at *4 ("the 17-month duration of Singh's detention [under § 1225(b)] has clearly reached [a] presumptively unreasonable length."); *Ahad*, 235 F. Supp. 3d at 688 (20-month period of detention under § 1225(b) unreasonable); *Mancia-Salazar*, 2017 WL 2985392, at *4 (18 months detention pursuant to § 1225(b) unreasonable); *Singh v. Lowe*, No. 17-119, 2017 WL 1157899, at *8 (M.D. Pa. Mar. 7, 2017) (detention under § 1225(b) for 16 months unreasonable), *appeal dismissed sub nom. Singh v. Warden Pike Cty. Corr.*, No. 17-2178, 2017 WL 5664863 (3d Cir. June 21, 2017); *Salazar v. Rodriguez*, No. 17-1099, 2017 WL 3718380, at *6 (D.N.J. Aug. 29, 2017) (detention under § 1225(b) for just over one-year unreasonable).

Because Franklin's detention under § 1225(b) has now become unreasonably long, his right to due process requires that he now receive an individualized bond hearing. *Singh v. Sabol*, 2017 WL 1659029, at *4 ("§ 1225(b) [detainees] have a due process right to an individualized bond consideration once it is determined that the duration of their detention has become unreasonable."); *Mancia-Salazar*, 2017 WL 2985392, at *4 ("the amount of time that Petitioner has been detained . . . has now become unreasonable and Petitioner is [therefore] entitled to an individualized bond hearing."). The Court will accordingly "order a bond hearing, governed by the procedures provided to aliens in discretionary detention under 8 U.S.C. § 1226(a)." *Mancia-Salazar*, 2017 WL 2985392, at *4; *see also Diop*, 656 F.3d at 235 ("[s]hould the length of [the petitioner's] detention become unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof.").

## IV. CONCLUSION

For the reasons stated above, the Court grants Franklin's § 2241 Petition. An immigration judge shall therefore be required to provide Franklin with a bond hearing within 21 days, at which the Government bears the burden of showing that Franklin is either a danger to the community or a flight risk. An appropriate Order accompanies this Opinion.

June 3, 2019　　　　　　　　　　　　　　　　　　s/Katharine S. Hayden
Date　　　　　　　　　　　　　　　　　　　　　　KATHARINE S. HAYDEN
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge